[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

No. 05-15544
Non-Argument Calendar

_____

BIA No. A77-309-283

GUANG ZHENG,
a.k.a. Zheng Daiyun,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 9, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Guang Zheng, a native and citizen of China, arrived in the United

States on May 1, 2000 at the Los Angeles International Airport without

documentation. He was eighteen years old at the time. The Immigration and

Naturalization Service ("INS") immediately detained him. In an interview at the airport, an INS officer informed Petitioner through an interpreter that the law of the United States provided protection to persons who would face persecution, harm or torture if returned to their home country, and that if he had fear of being sent home to China, he should say so now because he might not have a second chance. The officer also told Petitioner that he would have an opportunity to speak confidentially to another immigration officer who would determine whether he should not be removed from the United States because of such fear.

After being placed under oath, Petitioner stated that he understood what the INS officer had said. In response to questions put to him by the officer, he said that he had come to the United States for an education – that Chinese education is lacking.[1] When asked if he would be harmed if returned to China, he said: "I don't

---

[1] The relevant questions and Petitioner's responses were as follows:
> Q: What is the purpose of your trip to the United States?
> A: Because I don't like the education of China. They teach Marxism.
> Q: Are you coming to live in the United States?
> A: Yes and I would like to come to study here.
> . . . .
> Q: Why did you leave [China]?
> A: Because the education in China is no good and the information is lacking. Also, the teachers will give the students physical punishment. And for those who teach English, their English is no good, so I want to come here to study.

think I would be harmed." He had no problems with the Chinese government.[2]

The INS issued a Notice to Appear, alleging that Petitioner was removable under the INA. Petitioner admitted the factual allegations in the Notice to Appeal, conceded removability, and requested asylum, withholding of removal under the INA, and protection under the U.N. Convention Against Torture ("CAT"). In his application for such relief, Petitioner gave a reason for coming to the United States that differed materially from the one he had given the INS officer at the Los Angeles airport. He stated that he had come to the United States because he had been mistreated by Chinese authorities – on account of his Falun Gong activity – and, according to his mother, the police wanted to arrest him. He said that if sent back to China, the police would arrest him not only because of his Falun Gong

---

[2] The relevant questions and answers are these:

Q: Do you have any fear or concern about being returned to [China]?
A: Probably, I will be worried. I only worry that if I am sent back to China that in the future I wouldn't be educated. I wouldn't have the knowledge that I need. Also, China has no human rights to speak about. I heard that the United States is a country of human rights and of freedom.
Q: Would you be harmed if you are returned to [China]?
A: If I get sent back to China, I wouldn't receive an education. I don't think I would be harmed. I am only thinking about studying in China, the way teachers treat the students.
. . . .
Q: Do you have any problems with the Chinese government?
A: No.
Q: Have you ever been arrestedd?
A: No.
Q: Do you have any questions or is there anything else you would like to add?
A: I would like to go to school here. I bet you give me the chance. No, I have no questions.

activity, but also because he had left China illegally.

An Immigration Judge ("IJ") held a hearing on Petitioner's application for asylum, withholding of removal and CAT relief. Petitioner was his only witness. He repeated (albeit in greater detail) what he had stated in his asylum application. The Government's attorney, and the IJ as well, asked Petitioner to explain the inconsistency between what he told the INS officer at the Los Angeles airport – which was that he came to the United States for an education – and what he was telling the court – that he came here to avoid persecution for his Falun Gong activity. All he could say was that "at the time, I just got off the plane, then, I don't know if I tell the truth, I will send [sic] back to China." When faced with his earlier statement to the INS officer – that he would not be harmed if returned to China – he responded that he could not remember what he had said.

The IJ found Petitioner's hearing testimony not credible. And because he had not corroborated his story with other testimony – for example, from the uncle with whom he had been living – the IJ denied his request for asylum, withholding of removal and CAT protection.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed, adopting the decision without opinion. Petitioner now seeks review in this court.

This case presents but one issue: whether substantial evidence supports the

4

IJ's decision and, in particular, the IJ's' finding that Petitioner's testimony was not credible.[3]  In his dispositive order, the IJ went to great length to explain why Petitioner's testimony was not worthy of belief.  We cannot fault his explanation. The agency's decision must be upheld.

**PETITION DENIED.**

---

[3]  We review the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal citations omitted). Because the BIA expressly adopted the IJ's reasoning, we review the IJ's decision.  Id. (internal citations omitted).