[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30 2008
THOMAS K. KAHN
CLERK

No. 07-13199
Non-Argument Calendar
_____

Agency No. A77-309-283

GUANG ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(January 30, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

On May 9, 2006, we upheld the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's decision denying petitioner's application for asylum, withholding of removal under the Immigration and Nationality Act, and protection under the U.N. Convention Against Torture. Zheng v. U.S. Att'y Gen., 176 Fed.Appx. 1001 (11th Cir. 2006). On January 12, 2007, petitioner filed with the BIA a motion to reopen the proceedings, contending that circumstances had changed since the Board's May 9, 2006 decision had issued and that, in light of the Second Circuit's decision in Guo v. Gonzalez, 463 F.3d 109 (2d Cir. 2006), his motion was timely. The motion represented that he was married on August 24, 2004, and had a daughter and a son born respectively on April 15, 2005, and March 18, 2006, in the United States, and that because of having a "second child within months of the birth of his daughter," he had a well-founded fear of being persecuted if returned to China.

On June 13, 2007, the BIA denied petitioner's motion to reopen, finding the motion untimely. Petitioner now seeks review of that decision, contending that the BIA erred in (1) finding that the birth of his children in the United States did not amount to a change in circumstances in China, and (2) failing properly to consider Guo v. Gonzales, 463 F.3d 109 (2d Cir. 2006), as effectively constituting a finding that China had changed its previous policy and that it now treats foreign born children as Chinese nationals for family planning purposes. According to

2

petitioner, prior to Guo, there was no evidence that China would consider children born outside of China for family planning purposes.[1]

A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."  8 C.F.R. § 1003.2(c)(2).  The 90-day filing deadline does not apply to an alien who files a motion to reopen predicated upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).[2]

Petitioner's reliance on Guo is misplaced; that decision did not constitute a finding that China had changed its policy as petitioner contends.  In Guo, the court of appeals considered only whether the claims in certain previously unavailable documents were material to a well-founded fear of persecution, not whether the documents established a well-founded fear of persecution or even had merit.  Guo,

---

[1]  We review the BIA's denial of a motion to reopen for abuse of discretion.  Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).  The review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  Id. (internal quotation omitted).

[2]  A recent campaign of forced sterilization in the petitioner's home village may satisfy the changed circumstances exception.  Li v. U.S. Att'y Gen., 488 F.3d 1371, 1375 (11th Cir. 2007).

463 F.3d at 115 (remanding the case to the BIA for further determination).[3]  In short, petitioner's reliance on Guo to have changed China's policy is unfounded. Finally, we are not persuaded that the BIA failed to consider the basis of petitioner's motion to reopen – his claim that he had a well-founded fear of persecution based on the birth of his two children in the United States.

The BIA exercised its discretion in this matter and did so in a manner that could not be considered arbitrary or capricious.

PETITION DENIED.

---

[3]  The documents referred to in Guo are distinct from the documents petitioner submitted to the BIA in his motion to reopen.